# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 25, 2011

No. 10-20370
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEWIS GILMORE HURST,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2022
USDC No. 4:04-CR-355-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Lewis Gilmore Hurst, federal prisoner # 38756-179, filed a motion under
section 2255, of Title 28, United States Code, challenging his 2004 bank robbery
and firearms convictions, which was denied by order entered September 6, 2009.
Hurst did not appeal.

On January 28, 2010, Hurst filed a motion requesting clarification of the
termination of his section 2255 motion. Hurst stated that, on January 26, 2010,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

he had received a copy of the docket sheet indicating that his motion had been "closed" and "terminated." Hurst stated that this was the first correspondence that he had received from the court with regard to the section 2255 motion. Hurst stated, "If my motion has been denied and/or dismissed, I ask that this motion be allowed to serve as my notice of intent to appeal." Hurst attached a copy of the document he received on January 26, 2010, which is a copy of the civil docket sheet, and which states plainly that documents should be filed in the criminal case only. Strangely, the document indicates that the case was "terminated" on November 18, 2009, rather than on September 6, 2009, which was the date of entry of the order denying the section 2255 motion. The document does not state expressly that an order was entered denying the section 2255 motion. On February 7, 2010, the district court entered an order "clarifying" that the section 2255 motion had been denied, although no date was mentioned.

On March 17, 2010, Hurst filed a motion requesting that the order dismissing the section 2255 motion be re-entered to enable him to file a timely notice of appeal. Hurst stated in a sworn declaration that he first learned of the termination of his section 2255 motion on January 25, 2010, when he received a copy of the civil docket sheet. Hurst declared that he had never received a copy of the order denying his section 2255 motion, nor was he notified at the time of the denial of the section 2255 motion that the motion had been denied. The district court construed the motion as a request for reconsideration, which it denied. Hurst gave timely notice of his appeal from that order, which was an appealable final decision. *See Rocha v. Thaler*, 619 F.3d 387, 399 n.26 (5th Cir.) (§ 2254 case), *clarified on denial of rehearing on other grounds*, 626 F.3d 815 (5th Cir. 2010); *see also* FED. R. APP. P. 4(a)(1)(B); RULE 11(b), RULES GOVERNING SECTION 2255 PROCEEDINGS.

Hurst has moved this court to compel service of the appellee's brief, and, in a subsequent filing, he requests leave to file his reply brief out of time. The

No. 10-20370

motion to compel is DENIED AS MOOT, and the motion for leave to file the reply brief out of time is GRANTED.

We have construed Hurst's March 17, 2010, filing as a Rule 60(b)(6) motion requesting relief from the order denying the January 28, 2010, motion for clarification. Under Rule 60(b)(6), in extraordinary circumstances, the district court may relieve a party from an order or proceeding for any reason that justifies relief. FED. R. CIV. P. 60(b)(6). Our review of the district court's order denying the Rule 60(b)(6) motion is for an abuse of discretion. *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002).

Hurst's argument, liberally construed, is that the district court abused its discretion in failing to reopen the appellate period. *See* FED. R. APP. P. 4(a)(6). We hold that the district court abused its discretion in denying the Rule 60(b)(6) motion and in failing to construe the January 28, 2010, motion for clarification as a request for relief under Rule 4(a)(6). We note that there is an unresolved issue of fact as to when Hurst was provided with adequate notice of entry of the order denying his section 2255 motion. We need not decide, at this juncture, whether mailing the civil docket sheet to Hurst constituted adequate notice for purposes of Rule 77(d) of the Federal Rules of Civil Procedure. *See* FED. R. APP. P. 4(a)(6)(B). The district court's order denying the Rule 60(b)(6) motion is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.